## ROBERT D. GOODRICH V. THE SUPERIOR OIL COMPANY

No. A-3418. Decided February 6, 1952.
(245 S. W., 2d Series, 958.)

*Cecil, Keith & Mehaffy*, of Beaumont, *Maurice Cheek, Ira Butler, Cantey, Hanger, Johnson, Scarborough & Gooch and Gillis A. Johnson*, all of Fort Worth, for appellant.

*J. Robert Liles, Pitts & Liles*, of Conroe, *Willard B. Wagner, Murray Christian, Thomas H. Lee, Jesse J. Lee*, all of Houston, for appellee.

MR. JUSTICE SMITH delivered the opinion of the Court.

This case is before us on certificate from the Honorable Court of Civil Appeals, Ninth Supreme Judicial District at Beaumont. We quote the following portions of the certificate:

"We have previously certified to you the following question in this appeal:

" 'Do the allegations in plaintiff's petition show venue in the Montgomery County District Court under Subdivision 14 of Article 1995 as against the defendant Robert D. Goodrich?'

"This question you answered 'No', your opinion being reported, sub nomine Goodrich v. Superior Oil Company, 150 Texas 159, at 237 S. W. 2d 969.

"After Superior's motion for rehearing was overruled by you, Superior went into the trial court and took a nonsuit against Goodrich. This proceeding was ex parte, and Goodrich had no notice of it. The trial court's order granting the nonsuit reads:

" 'On this 20th day of April, 1951, this Court having considered the motion for nonsuit and dismissal made by plaintiff herein as against defendant Robert D. Goodrich, it is, therefore, ordered that said suit as against said defendant in all things be and the same is dismissed at plaintiff's cost without prejudice to the right of said defendant to be heard on his claim for affirmative relief.

Signed in open court and filed this the 20th day of April, 1951.'

"After this order was made by the trial court Superior filed a motion in this Court, alleging that this case had become moot as a consequence of this order, and praying that the cause be dismissed. Having been notified of your answer to the question certified to you by us, we overruled Superior's motion to dismiss the case and adjudged that the order of the trial court overruling Goodrich's plea of privilege be set aside and that said plea be sustained, instructing the trial court to transfer to Tarrant County, Goodrich's county of domicile, such part of the cause between Superior and Goodrich, including at least Goodrich's cross-action against Superior, as was still pending in the trial court. Our grounds for this action were stated in a written opinion.

"Superior filed a motion for rehearing to our judgment, and we overruled this motion, with a written opinion.

"Subsequently, Superior filed a second motion for rehearing and also filed a motion to certify various questions to you, and this second motion for rehearing is still pending in this court.***

"Our principal holdings adjudicating Superior's motion to dismiss the cause may be summarized and stated as follows:

"(1) Had Superior not taken the nonsuit, your answer to the question certified to you by us would have required us to render a judgment reversing the order of the trial court and sustaining Goodrich's plea of privilege, directing transfer of the cause against Goodrich to Goodrich's domicile, Tarrant County.

"(2) Under Hickman v. Swain, 106 Texas 431, 167 S. W. 209, such a judgment by this Court would have required the trial court to transfer not only Superior's action against Goodrich but also Goodrich's cross-action against Superior, the cross-action being transferred as an incident of and a consequence of our judgment, because of the intimate relationship of the subject matter alleged in Superior's petition to that alleged in Goodrich's cross-action.

"(3) Thus Goodrich's right to a transfer of his cross-action had become fixed before Superior took the nonsuit. To give Superior's nonsuit the effect of causing this proceeding to become moot would deprive Goodrich of this right; but if this occurred, the nonsuit would have interfered with the jurisdiction of this Court (or with the jurisdiction of this Court and of the Supreme Court) because Goodrich's right had come into existence and vested as a consequence of a judgment of the Supreme Court which required this Court to render a particular judgment.

"(4) So, the case made by the appeal had not become moot. The trial court had no power to interfere with this Court's jurisdiction and thus, none to make an order which would defeat Goodrich's right to a transfer of his cross-action. Goodrich's right remained in existence to be effectuated, and we had still to enter the order we would have entered had Superior not taken the nonsuit.

"(5) This Court had power to protect and enforce its juris-

diction and thus had jurisdiction to render the order we did render. * * *

* * * "we have held that the cause of action in Goodrich's cross-action is so intimately related to and connected with Superior's original action that under the holding made in Hickman v. Swain, both should be tried in the District Court of Tarrant County, where Goodrich resides, * * *

"We, therefore, deem it advisable to certify to the Supreme Court the following questions of law:

"Question 1. Did we err in holding that the cross-action of Appellant Goodrich was so intimately related to the original action of Appellee Superior that an order sustaining Goodrich's plea of privilege required a transfer of Goodrich's cross-action?

"Question 2: Did we err in holding that Appellee's dismissal of Appellee's action against Goodrich did not cause this case to become moot and deprive this Court of jurisdiction to enter any order other than an order dismisisng the appeal?"

On March 7, 1951, this Court, in answer to the certified question first quoted above, held that the allegations in plaintiff's petition did not show venue in the District Court of Montgomery County under Subdivision 14 of Article 1995 as against the defendant, Robert D. Goodrich. Appellee filed its motion for rehearing, which was overruled on April 18, 1951. Two days later, appellee filed its motion for non-suit in the District Court and on the same day the trial court granted the motion and entered the order set out above. Appellee now claims that by virtue of such nonsuit the case has become moot and that the Court of Civil Appeals has jurisdiction to enter no order other than one dismissing the case appealed and leave unaffected the jurisdiction of the trial court in Montgomery County to adjudicate the venue of the cross-action. With this contention we cannot agree. The decision of this court became final on April 18, 1951. The Court of Civil Appeals was immediately notified of such decision, and the only proper judgment it could enter was one transferring the cause to Tarrant County where the defendant resides. Under Rule 89, Texas Rules of Civil Procedure, it was the duty of the Clerk of the District Court of Montgomery County, upon receipt of the mandate, to make up a transcript of all the orders made in said cause, including the order of the trial court made on the motion for nonsuit, certifying thereto officially under the seal of the court, and send it with certified copies of the original papers in the cause to

the Clerk of the District Court of Tarrant County. The taking of a nonsuit in the District Court does not affect a prior final judgment of this court, and, therefore, could not prejudice the right of appellant to have the cross-action transferred to the county of his residence.

The case stands as though it had been originally filed in the District Court of Tarrant County. Hall, et al v. Castleberry, 283 SW 581, 584.

As was said in Hall, et al v. Castleberry, supra:

"If a defendant answers either before or after a trial of the contest on his plea of privilege, and the venue should be changed by the trial court *or as the result of an appeal,* in either event *the entire case,* as was said by Judge Brown in Hickman v. Swain, supra, as to parties, subject matter, and *pleas over*, will be transferred to the court of proper jurisdiction. The transfer of the case, however, will not deprive any party of a legal right; *the case will stand as though originally filed in the court to which it is transferred.* Any person affected by any matter pleaded in a cross action may, in answering same, avail himself of any plea or defense permitted by law."

We approve the tentative opinion of the Court of Civil Appeals wherein it has held "that the cause of action in Goodrich's cross-action is so intimately related to and connected with Superior's original action that under the holding made in Hickman v. Swain, both should be tried in the District Court of Tarrant County, where Goodrich resides, . . ."

The cross-action filed by appellant against appellee is directly connected with the original action of plaintiff. The original action and the cross-action involve the same issue; appellee pleads that it owes appellant the sum of $24,000.00 for accrued royalties already produced from the lands described in the oil and gas leases assigned by Goodrich to Superior. Appellee asserts the validity of the oil and gas leases involved in its original action, and appellant in his cross-action adopts the pleadings of appellee wherein it asserted the validity of the leases and its lawful right to produce gas thereunder. Appellant pleads by his cross-action that the leases are valid and that the plaintiff, Superior, owes him a sum of money far in excess of $24,000.00. The original action by plaintiff, Superior, and the cross-action filed by defendant, Goodrich, involve the same question, to-wit: How much does Superior owe Goodrich on account of an accrued

overriding royalty on gas already lawfully produced? The appellant's cross-action does not come within the purview and is not controlled by Subdivision 14 of Article 1995. Frost v. Standard Oil Company of Kansas, Tex. Civ. App., 107 SW 2d 1037.

We, therefore, answer "No" to both certified questions.

Opinion delivered February 6, 1952.