Betty RHODES et vir, Appellants,

v.

Edgar SHERRILL, Jr., Appellee.

No. 13911.

Court of Civil Appeals of Texas.

San Antonio.

April 25, 1962.

See also 352 S.W.2d 249.

T. Kellis Dibrell, San Antonio, Fred V. Klingeman, Karnes City, Dibrell, Gardner & Dotson, San Antonio, for appellants.

J. O. Faith, Ronald Smallwood, Karnes City, for appellee.

POPE, Justice.

This is a venue suit. Edgar Sherrill, Jr., and his wife, Betty Sherrill, were divorced in 1954 by the District Court in Karnes County. The decree granted custody of their child to the mother, and restricted her from moving the child from Karnes County without prior consent of the court. She later married Barry Rhodes and they moved with the child to Brazos County. Sherrill filed a pleading in Karnes County asking for a re-adjudication of the custody orders, and also asking that Betty Rhodes be held in contempt for moving the child to Brazos County. Betty Rhodes and her husband filed a plea of privilege. The court granted the plea as to the custody matter but retained venue over the contempt matter. The court ordered that certified copies of the Karnes County proceedings be sent to Brazos County.

As we understand the nature of this appeal, Betty Rhodes and her husband are not complaining about the court's retaining jurisdiction on the claimed past contempt. The court proceeded to hear that matter and decreed that Betty Rhodes was guilty. See Ex parte Webb, 153 Tex. 234, 266 S.W. 2d 855. What they do complain about is the fact that the court did not order the original papers transferred to Brazos County. They reason that future custody orders as well as future claims of contempt arising out of those orders should be determined in Brazos County. They urge, therefore, that the original papers should have been transferred. Rule 89, Texas Rules of Civil Procedure. Their complaint is that the trial court's order implies that future contempt matters might also be conducted in Karnes County, since the original papers are retained there. In our opinion, the order is not subject to that construction. Sending certified copies to Brazos County was a substantial compliance with Rule 89, and the trial court's decree on venue does not operate to retain jurisdiction over future violations of custody orders.

The judgment is affirmed.