Edgar **SHERRILL, Jr.**, Appellant,

v.

Betty **SHERRILL** et vir, Appellees.

No. 4028.

Court of Civil Appeals of Texas.

Waco.

July 26, 1962.

Rehearing Denied Aug. 13, 1962.

Ronald Smallwood, Karnes City, John L. Sandstedt, Bryan, for appellant.

John M. Lawrence, III, Bryan, T. Kellis Dibrell, San Antonio, Roy D. Roberts, Jr., Fred V. Klingeman, Karnes City, for appellees.

WILSON, Justice.

This appeal from an order overruling appellant's plea of privilege is a sequel to a portion of the proceeding narrated in Ex parte Rhodes, Tex.Sup., 352 S.W.2d 249, and Rhodes v. Sherrill, Tex.Civ.App., 356 S.W.2d 856. No appeal was perfected from the order sustaining the plea of priv-

lege referred to in the Supreme Court's opinion, and our case begins at that juncture.

The order transferring Sherrill's action (which the Supreme Court summarized 352 S.W.2d 249, 250 as seeking: "(3) a change in the terms of the judgment as to custody of the child," and specific visitation rights) from Karnes to Brazos County on Rhodes' plea of privilege was rendered July 24, 1961. Although Sherrill gave notice of appeal, no appeal therefrom was perfected. On December 8, 1961, two days after the Supreme Court's opinion in Ex parte Rhodes, Sherrill filed in the Karnes County district court a "motion for non-suit" as to that portion of his action which had been ordered transfered to Brazos County. Three months later this motion was overruled by an order which recited certified copies of the proceedings (not including the motion for non-suit) were transmitted to the Brazos County district court December 21, 1961.

When the transferred proceedings reached the Brazos County district court appellees filed an answer to Sherrill's petition, above summarized, and an application for permission to change the residence of the child to Brazos County. They also filed a motion to modify the 1954 divorce decree quoted in the Supreme Court's opinion, 352 S.W.2d 249, by deleting the provisions therein that the child not be removed from Karnes County without permission of that district court. Sherrill then filed a plea of privilege to be sued in Karnes County, where he resided, alleging that his motion for non-suit was filed and presented in the Karnes County district court before appellees filed there any pleading asking affirmative relief, and before the certified copies of the proceedings were physically transmitted to Brazos County. Appellees filed a controverting plea and a plea of res judicata. The child was living in Brazos County with appellees at the time of the hearing there on the plea. Sherrill appeals from the order of the Brazos County District Court overruling his plea of privilege.

Appellant's point is that the Karnes County District Court had jurisdiction to grant his motion for non-suit, and he voluntarily and effectively dismissed his action before the documents were transmitted to Brazos County so as to leave no cause to be transferred to that county. The position taken hinges on the validity of this premise. He asserts, in consequence, that appellees' application to change the residence of the child and motion to modify the divorce decree constituted a new and independent action in Brazos County, which was subject to his plea of privilege filed there.

The Supreme Court has settled the question against appellant's contention, we think, by its construction of present Rule 164, Texas Rules of Civil Procedure. That rule provides a non-suit may be taken in a case tried by the judge "at any time before the decision is announced." The Commission of Appeals in H. H. Watson Co. v. Cobb Grain Co., Tex.Com.App., 292 S.W. 174, 177 (where a plea of privilege had not been controverted, and defendant had moved the court to transfer by sustaining the plea, but the court had not announced his decision as to the order of transfer), held that plaintiff could take a non-suit *"until that order has actually been announced."* In First Nat. Bank in Dallas v. Hannay, 123 Tex. 203, 204, 67 S.W.2d 215, the Supreme Court stated the quoted rule announced in the Cobb Grain Co. case afforded protection as to non-suits taken "before the court has announced his decision on the question of venue". In Atlantic Oil Producing Co. v. Jackson, 116 Tex. 570, 296 S.W. 283, no controverting plea was filed in answer to a plea of privilege, and plaintiff took a non-suit. The Supreme Court again held plaintiff had the right under the statute from which Rule 164 is derived to take a non-suit "at any time before the decision is announced." No cross-action or plea for affirmative relief was involved in those cases.

In the present case, not only had the order and decision on venue been an-

nounced before the non-suit was attempted; it had become final by lapse of time. Wichita Falls & S. R. Co. v. McDonald, 141 Tex. 555, 174 S.W.2d 951, 953.

The order of the district court of Karnes County sustaining the plea of privilege having become final, the case stood as though it had been originally filed in Brazos County, and the Karnes County District Court was powerless to deal with the subject matter so ordered transferred as to render a judgment of voluntary dismissal. Cases relied on by appellant are those in which the order on the plea of privilege was, at least, not final; or in which a non-suit was taken before decision on the plea was announced. The duty of the clerk to send the required documents to Brazos County under Rule 89, Texas Rules of Procedure, involved performance of a ministerial act which did not affect the legal consequences of the order sustaining the plea. Appellant had the duty to effectuate the transfer. Miller v. Kountze Corporate School Dist., Tex.Com.App., 54 S.W.2d 344, 345.

Appellant contends that appellees' application and motion filed in Brazos County after the case was transferred constituted assertion of a new and independent action involving, essentially, a different subject matter from that transferred. The subject matter, we think, is in essence the same. We considered similar problems in Bacon v. Bacon, Tex.Civ.App., 351 S.W.2d 313, and Gathright v. Riggs, Tex.Civ. App., 344 S.W.2d 757, undertaking to distinguish between a case in which both parties seek a custody adjudication; and a case where one proceeding is to enforce provisions of a prior decree and the other proceeding is to change such provisions. Both the relief prayed for by appellant originally in Karnes County, which was ordered transferred, and that sought by appellee in Brazos County, was that provisions of the original decree concerning custody be altered on allegations of changed conditions affecting the best interests of the child. Appellant had prayed that the child be discharged from the custody of appellees while they are absent from Karnes County, and that he be permitted to have the child with him during four days each week while the mother was absent. The child's person and status being involved in these mutual efforts to change the custody provisions of the judgment, the fact that the specific change sought by the parties differed did not make the subject matter different. Knollhoff v. Norris, 152 Tex. 231, 256 S.W.2d 79. See also Ex parte Webb, 153 Tex. 234, 266 S.W.2d 855, 856. The present question was not presented in Nemec v. Degelia, Tex.Civ.App., 285 S.W. 2d 411, relied on by appellant.

The trial court did not err in overruling the plea.

Affirmed.