**Walter Lee KNAPP, Jr., et ux., Relators,**

**v.**

**O. T. MARTIN, Jr., District Clerk, Respondent.**

**No. 11357.**

Court of Civil Appeals of Texas.

Austin.

July 7, 1965.

---

Knudtson & Winget, Boyd Knudtson, Amarillo, for relators.

Black & Stayton, Thomas Black, Austin, for respondent.

HUGHES, Justice.

This is an original proceeding brought by Walter Lee Knapp and wife, Deann Knapp against O. T. Martin, Jr., Clerk of the District Court of Travis County, 53rd Judicial District, for a writ of mandamus to bring about compliance with the mandate of this Court issued on February 15, 1965, in our Cause No. 11,256, styled Knapp, Jr., et ux. v. Knapp, reported in 386 S.W.2d 630, n. w. h., wherein we sustained appellants' pleas of privilege and rendered judgment directing that the issues raised by appellee's pleading dated February 18, 1964, be transferred to the Court of Domestic Relations of Potter County.

The record herein discloses that on February 15, 1965, after our mandate herein had issued and had been filed with Respondent as Clerk but before he had complied with such mandate a motion had been filed by Vicki Gayle Knapp for a voluntary nonsuit of the issues raised in the pleading which this Court had ordered transferred to Potter County.

This motion for nonsuit was granted on the day it was filed by the Honorable Herman Jones, Judge of the District Court for the 53rd Judicial District. This order was at the request of Relators herein rescinded by written order on May 13, 1965. No other order has been entered with respect to such matter but Judge Jones states, "Except for the filing of this Motion for Leave to File Petition for Writ of Mandamus Respondent Jones would have entered an order dismissing all issues raised by the motion of February 18, 1964, similar to the one entered on February 15, 1965."

It is our opinion that Relators are entitled to the relief sought.

We believe that the law stated in Goodrich v. Superior Oil Co., 151 Tex. 46, 245 S.W.2d 958, controls disposition of this proceeding. There Associate Justice Smith for a unanimous Court declared, and we quote:

"On March 7, 1951, this Court, in answer to the certified question first quoted above, held that the allegations in plaintiff's petition did not show venue in the District Court of Montgomery County under Subdivision 14 of Article 1955, Vernon's Ann.Civ.St., as against the defendant, Robert D. Goodrich. Appellee filed its motion for rehearing, which was overruled on April 18, 1951. Two days later, appellee filed its motion for nonsuit in the District Court and on the same day the trial court granted the motion and entered the order set out above. Appellee now claims that by virtue of such nonsuit the case has become moot and that the Court of Civil Appeals has jurisdiction to enter no order other than one dismissing the

case appealed and leave unaffected the jurisdiction of the trial court in Montgomery County to adjudicate the venue of the cross-action. With this contention we cannot agree. The decision of this court became final on April 18, 1951. The Court of Civil Appeals was immediately notified of such decision, and the only proper judgment it could enter was one transferring the cause to Tarrant County where the defendant resides. Under Rule 89, Texas Rules of Civil Procedure, it was the duty of the Clerk of the District Court of Montgomery County, upon receipt of the mandate, to make up a transcript of all the orders made in said cause, including the order of the trial court made on the motion for nonsuit, certifying thereto officially under the seal of the court, and send it with certified copies of the original papers in the cause to the Clerk of the District Court of Tarrant County. The taking of a nonsuit in the District Court does not affect a prior final judgment of this court, and, therefore, could not prejudice the right of appellant to have the cross-action transferred to the county of his residence.

The case stands as though it had been originally filed in the District Court of Tarrant County. Hall v. Castleberry, Tex.Civ.App., 283 S.W. 581, 584."

See also Sherrill v. Sherrill, 359 S.W.2d 330, Waco, writ dismissed.

There is no difference between a final judgment of this Court and a final judgment of the Supreme Court or, for that matter, a final judgment of the trial court, as far as the parties are concerned.

We direct Respondent to comply with our mandate in the above cause, however, since Respondent has stated that the only reason he has not complied with the mandate of this Court is the pendency of the motion to nonsuit before Judge Jones and the suggestion to him by Judge Jones that he should not transfer the papers as directed by us until such motion had been disposed of, we anticipate compliance with this order and direct that no formal writ of mandamus presently issue.

Mandamus granted.