**Mrs. Nell Edith LONG, Individually and as Independent Executrix of the Estate of Jon R. Long, Deceased, Relator,**

v.

**Hon. John L. COMPTON et al., Respondents.**

No. 4428.

Court of Civil Appeals of Texas.

Waco.

Oct. 7, 1965.

Motion for Rehearing Dismissed

Oct. 14, 1965.

Wade, Davis, Callaway & Marshall, Clyde M. Marshall, Jr., Ft. Worth, for appellant.

Nowlin Randolph, Houston, for appellees.

McDONALD, Chief Justice.

Relator Long prays for Writ of Mandamus directing Hon. John L. Compton, Judge of the 151st District Court of Harris County, and Hon. R. J. (Dick) Lindley, District Clerk of Harris County, to transfer cause 640,087, Mrs. Gene M. Hall v. Mrs. Nell Edith Long, to the District Court of Tarrant County, for trial, and to thereby obey the mandate of this court issued to respondents on May 6, 1965.

The above cause was instituted in Harris County by Respondent Hall against relator Long for damages for wrongful sequestration and conversion of 2 automobiles. Relator Long filed her plea of privilege to be sued in Tarrant County; and subject thereto filed answer and cross-action. The 151st District Court of Harris County overruled her plea of privilege, and she perfected her

appeal to the 1st Supreme Judicial District, and the cause was transferred to this court by the Supreme Court. This court, on April 1, 1965, reversed the judgment and rendered judgment transferring the cause to the District Court of Tarrant County. No motion for rehearing was filed by respondent and the judgment of this court became final on April 16, 1965. Mandate to such effect was sent to the 151st District Court on May 6, 1965.

On April 27, 1965 respondent Hall filed a pleading in Cause 640,087 in the 151st District Court "taking a non-suit"; and on such day Hon. Byron Johnson, "Judge Presiding" in the 151st District Court of Harris County, entered an order dismissing such cause.

The District Clerk of Harris County fails or refuses to transfer the cause to Tarrant County.

The 151st District Court lost jurisdiction of the cause once appeal was perfected to the Court of Civil Appeals. The taking of the non-suit in the 151st District Court of Harris County, and the judgment of dismissal in the 151st District Court, are nullities. When this court rendered judgment transferring the cause to the District Court of Tarrant County, such was a final adjudication of the venue question, binding upon the respondent Hall; and relator's right to have the entire case removed to Tarrant County cannot be prejudiced by respondent's attempt to dismiss or to take a non-suit in the 151st District Court of Harris County. Sherrill v. Sherrill, Tex.Civ.App. w/e dismissed, 359 S.W.2d 330; Goodrich v. Superior Oil Co., 151 Tex. 46, 245 S.W.2d 958, 959; Allied Finance Co. v. Shaw, Tex.Civ.App. (n. w. h.), 359 S.W.2d 168; Deatherage v. Kerrigan, Tex.Civ.App., Er. Ref., 294 S.W. 698.

Relator is entitled to writ of mandamus directing Hon. R. J. (Dick) Lindley, District Clerk of Harris County, to perform the ministerial duty of transferring Cause 640,087 to the District Court of Tarrant County. If the respondent Lindley transfers such cause within 5 days, no writ will issue; otherwise such writ will issue.

Costs are adjudged jointly against Mrs. Gene M. Hall and Honorable R. J. (Dick) Lindley.

No motion for rehearing will be entertained in this case.

TIREY and WILSON, JJ., concur.