ELI LILLY AND COMPANY, Appellant,

v.

Donis P. MELTON, Appellee.

No. 4351.

Court of Civil Appeals of Texas,
Eastland.

July 17, 1970.

Stanley Wilson, McMahon, Smart, Sprain, Wilson & Camp, Abilene, Barney Oden, Jr., Oden & Hardie, El Paso, for appellant.

George Leonard, Jr., Wagstaff, Alvis, Alvis & Leonard, Abilene, for appellee.

COLLINGS, Justice.

Donis P. Melton brought this suit against Eli Lilly and Company in Haskell County. He alleged that he purchased a weed killer named Treflan which had been manufactured by the defendant; that he relied upon warranties made by defendant in representations and in advertising; that defendant breached both express and implied warranties of fitness and merchantability; that as a result of such breaches by appellant plaintiff suffered damages including the cost of the product, loss of yield of cotton where applied and the additional expenses of cultivation.

The defendant filed a plea of privilege to be sued in Dallas County, the alleged place of its domicile and residence. Plaintiff filed a controverting plea asserting that his cause of action against the defendant arose in Haskell County and that venue lay in Haskell County under subdivisions 23 and

27 of Article 1995, Vernon's Ann.Tex.Civ. St.

Upon a hearing of the plea of privilege before the court without a jury plaintiff testified that he relied upon advertising and representations made at a meeting in Knox City, Texas, and by reason thereof bought the Treflan from Custom Farm Service. Plaintiff did not connect defendant Eli Lilly with the meeting in Knox City and admitted that he knew of no connection between Custom Farm Service and the defendant. No other evidence was offered to show that the defendant manufactured, distributed or sold the product or had any connection therewith. After hearing of the plea of privilege it was, on July 15, 1969, overruled and Eli Lilly and Company has appealed.

In its original brief appellant urged in effect that the court erred in overruling its plea of privilege because there was no evidence connecting it with the manufacture or sale of Treflan. After the appeal had been perfected and appellant's brief had been filed and appellee had received a copy, appellee, more than three months after the rendition of the order overruling appellant's plea of privilege, filed a motion to reopen the case. The court, purporting to act under the discretionary provisions of Rule 270, Texas Rules of Civil Procedure, permitted appellee to reopen the case, and on November 21, 1969, more than four months after the date of the judgment, admitted certain interrogatories and answers of appellant thereto in which appellant's attorney under oath admitted that Eli Lilly and Company does manufacture the product known as Treflan. The newly admitted evidence, together with other evidence in the case, showed that appellee had a cause of action against appellant which arose in Haskell County and supports the conclusion and holding of the court that venue lies in Haskell County. The reopening of the case and admission of such new evidence was shown by a supplemental transcript and statement of facts filed herein.

By supplemental brief, appellant presented points urging that the court erred in permitting appellee to reopen the case and in admitting additional evidence after appellant had perfected its appeal and filed its brief in the Court of Civil Appeals because appellant contends the trial court had lost jurisdiction of the case.

 Rule 270, T.R.C.P., provides for the reopening of a case for the purpose of offering additional evidence under certain conditions. Appellee contends that since Rule 270 provides the court may "at any time" permit additional evidence to be offered where it clearly appears to be necessary to the due administration of justice, that the court had authority to and in its discretion properly reopened the case on the plea of privilege hearing and admitted the interrogatories and appellant's answers thereto. It is held to be a general rule, however, that when an appeal has been perfected to the Court of Civil Appeals, such court has full and exclusive jurisdiction over the entire controversy, and that after the appeal has been so perfected the trial court is without jurisdiction to change the record on appeal. First State Bank and Trust Company of Port Lavaca v. Vector Corp., 427 S.W.2d 958 (CA 1968), writ ref. n.r.e. and Long v. Compton, 398 S.W. 2d 784, 785 (CA 1965), no writ history. We sustain appellant's point contending that the court erred in permitting appellee to reopen the case and in admitting additional evidence after appellant had perfected its appeal to the Court of Civil Appeals. Without the additional evidence admitted by the court after improper reopening of the case there was no evidence connecting appellant with the manufacture or sale of Treflan. We sustain appellant's point urging that because of the absence of any such evidence the court erred in overruling its plea of privilege.

Appellant further contends that under the record it is our duty to remand the case to the Haskell County District Court with instructions to transfer the cause to the District Court of Dallas County.

An appellate court has broad discretion concerning whether to render or remand a case to the trial court upon a reversal of the judgment. Dahlberg v. Holden, 150 Tex. 179, 238 S.W.2d 699, (1951); Scott v. Liebman, 404 S.W.2d 288, (Sup.Ct.1966). A remand is held to be proper when the case has not been fully developed and where the ends of justice require a remand. In our opinion the record in the instant case shows that the case was not fully developed in the trial court and that the cause should be remanded in the interest of justice.

The judgment overruling appellant's plea of privilege is reversed and the cause is remanded for a new trial.