**F. B. HAGEMEISTER, dba Hair Designs by Fredericks, Appellant,**

v.

**VANITY FAIR PROPERTIES, a joint venture, Appellee.**

**No. 746.**

Court of Civil Appeals of Texas, Tyler.

Dec. 20, 1973.

Rehearing Denied Jan. 17, 1974.

John Carl Stromberger, San Antonio, for appellant.

Berman, Fichtner & Mitchell, Jay S. Fichtner, Dallas, for appellee.

MOORE. Justice.

This is a venue case. Plaintiff, Vanity Fair Properties, a Joint Venture, composed

of Robert C. Hoppe, Stanley Hickman and Anthony Atwell, residents of Dallas County, instituted this suit in the 193rd District Court of Dallas County, Texas, against defendant, F. B. Hagemeister, a resident of Bexar County, for damages for breach of a written lease agreement covering property and improvements situated in Bexar County, Texas. In its original petition, filed on April 9, 1973, plaintiff alleged that the lease agreement in question was for a term of ten years and that the defendant vacated and abandoned the premises in the fifth year of the lease. Plaintiff prayed for the amount due and owing under the lease and for attorney's fees. Defendant, F. B. Hagemeister, replied to the suit by filing a plea of privilege seeking to have the cause removed to Bexar County, the county of his residence. In reply to the plea of privilege Vanity Fair filed a controverting affidavit alleging that no exception to the exclusive venue statute, Article 1995, Vernon's Ann.Tex.St., existed because the issue of venue in the cause had been previously determined by an unpublished opinion by the Court of Civil Appeals for the Fourth Supreme Judicial District of Texas in the case of Robert C. Hoppe v. F. B. Hagemeister, Cause No. 15,103, involving the same parties and the same subject matter, wherein the court ordered the cause transferred to Dallas County.

The present cause came on for a hearing before the District Court of Dallas County upon the venue question only. After a trial before the court, sitting without a jury, the trial court overruled defendant's plea of privilege, ruling that venue in the present cause was properly laid in Dallas County. Defendant, F. B. Hagemeister, duly perfected this appeal. For convenience appellant will sometimes be hereinafter referred to as "Hagemeister" and appellee will sometimes be referred to as "Vanity Fair."

By his first point of error, appellant urges that the trial court erred in overruling his plea of privilege because he contends that the holding of the San Antonio Court of Civil Appeals in the prior case was not res judicata of the venue issue before the court in the present case. We overrule the point as well as all other points briefed by appellant and accordingly affirm the judgment of the trial court.

Prior to discussing the reason for our ruling, a general survey of the history of this litigation is in order. On February 9, 1972, approximately one year prior to the time Vanity Fair filed the present suit in Dallas County, appellant Hagemeister instituted suit in the District Court of Bexar County against Robert C. Hoppe and the other joint ventures of Vanity Fair, alleging that the lease in question had expired by operation of law and sought a declaration that he was not liable on the lease. It is without dispute that the lease contract in question did not contain any stipulation as to where any of the obligations thereunder are performable. Vanity Fair responded to the Bexar County suit with a plea of privilege seeking to have venue changed to Dallas County, the residency of the joint venturers. Vanity Fair did not, however, file a cross action for rent due under the lease. The District Court of Bexar County overruled Vanity Fair's plea of privilege, whereupon Vanity Fair perfected an appeal to the Fourth Court of Civil Appeals in San Antonio. On November 22, 1972, the San Antonio Court of Civil Appeals reversed the judgment of the District Court of Bexar County and ordered the suit transferred to Dallas County. On December 27, 1972, the Court of Civil Appeals overruled Hagemeister's motion for rehearing. On December 28, 1972, before the Mandate of the appellate court was issued, the District Court of Bexar County granted Hagemeister's motion for non-suit and dismissed the case. Shortly thereafter the mandate was issued ordering the District Clerk of Bexar County to transfer the suit to Dallas County. While the record does not so reflect, we gather from oral argument that the District Clerk of Bexar County forwarded the transcript to the District Clerk of Dallas County but the

Dallas District Clerk refused to file same apparently on the theory that since the suit had been dismissed in Bexar County, there was nothing to be filed in Dallas County. Consequently, when Vanity Fair instituted the present suit upon the lease in Dallas County on April 9, 1973, the cause appeared upon the docket as having been originally filed in Dallas County. It is without dispute that both the lease in question as well as the parties are the same in both the Bexar County suit and in the present suit pending in Dallas County. The venue problem in the present litigation grows out of the foregoing facts.

The general rule is that a final judgment rendered on a plea of privilege is conclusive on the parties as to the issue of venue. Accordingly, a final judgment upholding such a plea and ordering transfer of the cause to the county where the defendant resides irrevocably fixes the venue of any other suit on the same subject matter. 34 Tex.Jur.2d p. 518, Judgments, sec. 468; Keys v. May Aluminum, Inc., 431 S. W.2d 380 (Tex.Civ.App., Houston, 14th Dist., 1968, dism.). The judgment rendered thereon is res judicata, thus securing to the prevailing party every substantial right claimed by him in his plea of privilege. H. H. Watson Co. v. Cobb Grain Co., 292 S.W. 174 (Tex.Com.App.1927); Wichita Falls & S. R. Co. v. McDonald, 141 Tex. 555, 174 S.W.2d 951 (1943).

Appellant contends that since the appellee did not file a cross action in the prior case in the District Court of Bexar County, the court in that case had jurisdiction to grant his motion for non-suit, and when he voluntarily dismissed his suit in Bexar County before the mandate from the Court of Civil Appeals had reached the District Court, there was no cause of action pending and therefore the District Clerk had nothing to transfer to the District Clerk of Dallas County. He asserts, in consequence, that Vanity Fair's subsequent suit filed in Dallas County seeking damages for breach of the lease agreement constituted a new and independent suit involving different issues, thereby making it subject to his plea of privilege.

The Supreme Court has settled the question against appellant's contention, we think, by its construction of Rule 164, Texas Rules Civil Procedure. That rule provides a non-suit may be taken in a case tried by the Judge "[a]t any time before the decision is announced." H. H. Watson Co. v. Cobb Grain Co., supra; Atlantic Oil Producing Company v. Jackson, 116 Tex. 570, 296 S.W. 283 (1927); Sherrill v. Sherrill, 359 S.W.2d 330 (Tex.Civ.App., Waco, 1962, dism.).

The order of the San Antonio Court of Civil Appeals sustaining the plea of privilege having become final, the case stood as though it had been originally filed in Dallas County, and the District Court of San Antonio was powerless to deal with the subject matter so ordered transferred as to render a judgment of voluntary dismissal. Rule 164, T.R.C.P.; Goodrich v. Superior Oil Co., 151 Tex. 46, 245 S.W.2d 958 (1952); Sherrill v. Sherrill, supra; Knapp v. Martin, 392 S.W.2d 871 (Tex.Civ.App., Austin, 1965, n. w. h.). The duty of the District Clerk to send the required documents to Dallas County under Rule 89, T. R.C.P., involves performance of a ministerial act which did not affect the legal consequences of the order sustaining the plea. Appellant had the duty to effectuate the transfer. Miller v. Kountze Corporate School Dist., 54 S.W.2d 344, 345 (Tex. Com.App., 1932); Sherrill v. Sherrill, supra. The entry of a judgment of non-suit by the District Court of Bexar County had no affect on the prior final judgment entered by the San Antonio Court of Civil Appeals and therefore could not prejudice the right of appellee to have the case transferred to the county of its residence. Goodrich v. Superior Oil Co., supra. The case stands as though it had been originally filed in the District Court of Dallas County. Hall v. Castleberry, 283 S.W. 581, 584 (Tex.Civ.App., Dallas, 1926, n. w. h.).

We overrule appellant's contention that appellee's suit filed in Dallas County constituted a new and independent cause of action involving a different subject matter and different issues. The subject matter, we think, is in essence the same. Appellant's suit in Bexar County and appellee's suit in Dallas County involved an alleged breach of the same contract. It is generally held that in a suit on a contract, a cross action in the nature of a suit for the breach of the same contract is incidental to or arises from the main suit. Zachry v. Robertson, 147 Tex. 307, 214 S.W.2d 949, 953 (1948); Connell v. Spires, 264 S.W.2d 458 (Tex.Civ.App., Eastland, 1954, n. w. h.).

The fact that a transcript of the proceeding in the Bexar County suit was not filed in Dallas County prior to the time Vanity Fair filed the present suit in Dallas County, would not, in our opinion, have any effect upon whether venue was properly laid in Dallas County. Whether the transcript was filed in Dallas County or not, the case now stands as though the record had been transferred and therefore the District Court of Dallas County is authorized to proceed to trial. In this connection it might be pointed out that if either party desires that the transcript of the proceeding be filed in Dallas County, the clerks of the District Courts may be compelled by mandamus to transfer and file the transcript in compliance with the provisions of Rule 89, Texas Rules of Civil Procedure. Knapp v. Martin, supra.

We hold that the trial court did not err in overruling the plea of privilege.

Affirmed.