TEXAS EMPLOYERS' INSURANCE
ASSOCIATION, Appellant,

v.

Jose T. OROZCO, Appellee.

No. 04–83–00121–CV.

Court of Appeals of Texas,
San Antonio.

Oct. 31, 1984.

Ann Livingston, Groce, Locke & Hebdon, San Antonio, for appellant.

Mark Smith, Mark Smith & Associates, Lubbock, for appellee.

Before CADENA, C.J., and CANTU and REEVES, JJ.

## OPINION

REEVES, Justice.

This is an appeal from an interlocutory judgment in a worker's compensation case which overruled appellant's plea of privi-lege to be sued in the county where appel-lee's injury occurred.

Appellant, Texas Employers' Insurance Association (TEIA), and appellee, Jose T. Orozco (Orozco), both filed an appeal from the final order of the Industrial Accident Board. Orozco instituted his suit in Webb County on October 14, 1981, alleging that Webb County was the county of his resi-dence. TEIA instituted its lawsuit on Octo-ber 26, 1981, alleging that Lubbock County was the county where the injury occurred. TEX.REV.CIV.STAT.ANN. art. 8307, § 5 (Vernon 1984) provides that the suit may be brought in the county where Orozco's inju-ry occurred, or in the county where the employee resided at the time the injury occurred.

The trial court in Webb County overruled TEIA's plea of privilege and held venue was in Webb County. TEIA perfected ap-peal to this court.

The trial court in Lubbock County grant-ed Orozco's plea of privilege and transfer-red the case to Webb. The Seventh Dis-trict Court of Appeals affirmed in *Texas Employers' Insurance Association v. Or-ozco*, 669 S.W.2d 427 (Tex.App.—Amarillo 1984). TEIA appealed to the Supreme Court where the case was dismissed for want of jurisdiction. *Texas Employers' In-surance Association v. Orozco*, 27 Tex. Sup.Ct.J. 544 (Sept. 12, 1984) (order dis-missing writ of error application for want of jurisdiction).

A final judgment rendered on a plea of privilege is conclusive on the parties as to the issue of venue. *Hagemeister v. Vanity Fair Properties*, 503 S.W.2d 879 (Tex.Civ.App.—Tyler 1973, writ dism'd). In *Hagemeister*, defendant's plea of privi-lege had been denied by a district court. However, a court of appeals reversed, sus-taining the plea and transferring the case to the county of defendant's residence. Be-fore the mandate was issued ordering the district clerk to transfer the suit, the dis-trict court granted the plaintiff a non-suit and dismissed the case. The *Hagemeister* court held that the order of the court of

246

civil appeals sustaining the plea of privilege had become final and the case stood as though it had been originally filed in the county of defendant's residence. The district court was powerless to deal with the subject matter by dismissal as the case had been ordered transferred. "A final judgment upholding such a plea and ordering transfer of the cause to the county where the defendant resides irrevocably fixes the venue of any other suit on the same subject matter." *Id.* at 881.

In another decision involving a plea of privilege, *Pinney v. Cook*, 558 S.W.2d 33 (Tex.Civ.App.—Corpus Christi 1977, no writ), the Tyler Court of Civil Appeals overruled the trial court's denial of defendant's plea of privilege and ordered the case transferred to Dallas County. The *Pinney* court stated, "The decision irrevocably fixed venue in Dallas County as to both claims against Pinney [the defendant] in the first suit. The principle of res judicata dictates that any subsequent suit brought by Cook [the plaintiff] against Pinney should be heard in Dallas County."

As a final judgment by the Amarillo Court of Appeals has been rendered on the venue issue, we affirm the order of the trial court overruling TEIA's plea of privilege.