SOUTHWESTERN INVESTMENT COM-
PANY et al., Appellants,

v.

W. V. GIBSON et al., Appellees.

No. 16463.

Court of Civil Appeals of Texas.
Fort Worth.
Nov. 8, 1963.

Rehearing Denied Dec. 6, 1963.

Jones, Fillmore, Robinson & Lambert, and Harold Jones, Wichita Falls, for appellants.

Schenk & Wesbrooks, and Perry Wesbrooks, Wichita Falls, for appellees.

MASSEY, Chief Justice.

A question on appeal relates to the propriety of the action of the trial court in overruling a defendant's plea of *res judicata* on the matter of venue, in that appellant-defendant contended that there had been previous action, in and by courts of competent jurisdiction, the legal effect of which settled the matter of the situs for trial of the asserted cause of action against it.

We hold that the trial court erred and that the plea of *res judicata* should have been sustained as to the defendant in question.

Plaintiff's cause of action was for damages on account of personal injuries sustained by his wife as the result of trespass and the unreasonable collection efforts of the defendant Investment Company, a corporation. The acts, which according to plaintiff constituted unreasonable collection efforts amounting to tort, must have been done and performed by the Investment Company through an agent, servant, and employee acting within the scope and course of his employment, for it is only through its agents that a corporation may commit a tort.

After the alleged tort plaintiff first filed suit in the District Court of Archer County. By such suit a single defendant was named, being the Investment Company. A plea of privilege to be sued in Potter County was filed, but before time for the filing of a controverting affidavit the plaintiff took a nonsuit.

After having taken the nonsuit in Archer County plaintiff filed a new suit, though upon the same cause of action, in Wichita County. The Investment Company filed a plea of privilege to be sued in Potter County. Plaintiff joined as defendant along with the Investment Company one Sinclair, a resident of Wichita County, who was alleged to have been the agent of the Investment Company who committed the tort. After plaintiff filed a controverting affidavit to the Investment Company's plea of privilege, a hearing on the plea was held in the District Court of Wichita County. During· the course of the hearing it developed that it was not Sinclair who had committed the tort by reason of which the plaintiff's cause of action, if any, had arisen against the Investment Company, but it was one Carol Stites, a resident of Wichita County, who had been the actor. Stites was acting within the scope and course of his employment by the Investment Company.

At the conclusion of the Wichita County hearing the trial judge noted upon the court's docket sheet that the Investment Company's plea of privilege was sustained. On August 1, 1962, an order was entered to that effect, in which the court further decreed: " * * * the venue of such cause is changed and that such cause be transferred to the 47th Judicial District Court of Potter County, Texas, * * *." On the same day plaintiff obtained an order of nonsuit against both Sinclair and the Investment Company.

Thereafter plaintiff filed suit upon the same cause of action in Archer County, joining Carol Stites with the Investment Company as an additional defendant. The Investment Company filed its plea of privilege to be sued in Potter County. Stites filed his plea of privilege to be sued in Wichita County. Plaintiff controverted these pleas. The Investment Company filed

a plea of *res judicata* on the matter of venue, contending that in so far as plaintiff's suit obtained against it the situs for trial had theretofore been judicially fixed as Potter County.

■ As previously stated, the contention of the Investment Company was correct and its plea of *res judicata* should have been sustained. Standing alone, the antecedent procedure in either of the courts where the plaintiff's suit had been theretofore filed would foreclose any trial of plaintiff's cause of action against the Investment Company anywhere other than in Potter County, the place of its residence. Actually the matter was settled when plaintiff took a nonsuit in the suit first filed in Archer County at a time when the Investment Company's plea of privilege was on file. It is immaterial that no controverting affidavit had been filed at the time. The legal result was the establishment of the situs for the trial of the cause of action as that asserted in the plea, as a matter of admission by the plaintiff, in so far as relief to be sought in the same cause of action might pertain to the Investment Company. First Nat. Bank in Dallas v. Hannay, 1933, 123 Tex. 203, 67 S.W.2d 215.

■ The same thing could be said of the proceedings in Wichita County. A plea of *res judicata*, by the Investment Company in that court, coupled with demonstration to the court that the cause of action asserted against it was unquestionably the same as the cause theretofore asserted by plaintiff in Archer County, would establish conclusively that the court was confronted with a matter upon which it had no authority, or a matter as to which it had authority limited to the entry of an order transferring the case (as to the Investment Company) to Potter County. 43–B Tex.Jur., p. 455, "Venue", § 181, "Effect of Order"; Wichita Falls & S. R. Co. v. McDonald, 1943, 141 Tex. 555, 174 S.W.2d 951.

As the case stood, when refiled in Archer County, the legal view proper to be taken should have been that "once again" the plaintiff had mistakenly filed his case against the Investment Company in the wrong court, in a court which could not have jurisdiction of the case on its merits (at least absent consent by the Investment Company), and whose only authority, upon establishment. that it was the same cause of action previously resolved or to be treated as resolved in so far as the matter of venue appertains, was to enter an order transferring the case to Potter County.

That the plaintiff had previously erred in believing that it was Sinclair, and not Carol Stites, who was the agent through whom the Investment Company had acted to the injury of his wife and himself would not change the legal situation. Neither would the fact that plaintiff's previous actions in respect to litigation had been the result of the erroneous belief. It was indeed unfortunate, but from the cases by which we are guided it appears that the law's attitude in such circumstances is devoted to protecting the rights of defendants to have suits filed against them tried in the counties of their residence, once plaintiffs have either abandoned or failed in their attempts to establish a right, under statutory provisions, to conduct the litigation elsewhere.

■ The mere presence in one suit of additional parties not included in that wherein a valid judgment is claimed to have operation to estop prosecution thereof does not prevent the estoppel of the former judgment from binding those who were parties to it and also parties to the suit in which a plea of *res judicata* is set up. Such estoppel would apply except in an instance where the addition of parties would create a diversity of issues as well. 50 C.J.S. p. 204 Judgments Ch. XIX, Res Judicata § 720, "(Matters Concluded by Judgment)—Effect of Diversity of Parties"; Restatement of the Law of Judgments, p. 353, Effect of Judgments with Reference to Persons § 79, "Parties—General Rule".

■ In questions of similarity it is well to be mindful in plea of privilege cases that it is not strictly accurate to speak in terms of *res judicata* in instances where plaintiff takes a nonsuit before judgment, for the doctrine normally applies only when there has been a final judgment upon the merits of the matter concluded. Courts do so speak of it as a matter of convenience though the application of pertinent rules are really grounded upon a principle of policy; the defendant should not be subjected to the repeated expense of presenting his venue claim in successive actions by a plaintiff who, through the abuse of his privilege of taking a nonsuit, prevents a final adjudication upon the question. Where a court, after hearing, does enter an order sustaining the plea of privilege, such order carries the same connotation as a judgment, which, when it becomes final, may be accurately referred to as *res judicata*. McDonald, Texas Civil Practice, p. 470, "Venue", § 4.62, "Order as Res Judicata". See also Clark, Venue in Civil Actions, p. 243, "The Hearing", § 1a, "Effect of Dismissal or Non-Suit Prior to or During Hearing", and p. 250, § 3a, "Effect of Dismissal After Hearing".

■ It is to be noticed that the parties defendant to the suit last filed in Archer County are not such as would be termed "necessary parties" who must be present for any proper trial in any forum. Therefore the particular situation with which the court was confronted in Peavy v. Ward, 1962, Tex.Civ.App., Texarkana, 352 S.W. 2d 882, writ dism., is without application. This case cites a rather complete list of authorities upon the matter of *res judicata* in plea of privilege cases.

■ We next consider the propriety of the action of the trial court in overruling the plea of privilege of Carol Stites.

Stites' points of error present contentions that there were no acts proven essential to the maintenance of the plaintiff's action against him in Archer County, that the evidence was insufficient to support an affirmative finding of the existence of such facts, and that the judgment was so against the great weight and preponderance of the credible evidence as to be manifestly wrong.

We have reviewed the record in light of the attack presented and have concluded that there is no merit therein. The prima facie case made out by plaintiff, requisite under the circumstances to demonstrate his right to prosecute the cause of action upon which he declared as against Carol Stites, adequately supported the action of the court. The findings upon which such action was founded were not contrary to the great weight and preponderance of the evidence.

As to appellant Carol Stites the judgment is affirmed.

As to appellant Southwestern Investment Company the judgment of the trial court is reversed and judgment is rendered ordering that plaintiff's case against it be transferred to the District Court of Potter County, Texas.