**R. Drumwright KEYS, Appellant,**

**v.**

**MAY ALUMINUM, INC., Appellee.**

**No. 134.**

Court of Civil Appeals of Texas.

Houston (14th Dist.).

June 19, 1968.

Rehearing Denied Sept. 4, 1968.

Allen Melton, Dallas, for appellant.

Pearson Grimes, Butler, Binion, Rice, Cook & Knapp, Houston, J. J. Duckett. Duckett & Duckett, Elcampo, for appellee.

SAM D. JOHNSON, Justice.

This suit was brought in the District Court of Harris County by the appellee, May Aluminum, Inc., against the appellant,

R. Drumwright Keys. Appellant's Plea of Privilege and Plea in Abatement were overruled and he perfects appeal to this court.

Appellee alleges that his cause of action in the instant case is based on the written guaranty agreement of the defendant, Keys, dated July 22, 1963. It is additionally, however, predicated on a prior judgment obtained in the 23rd District Court of Wharton County, Texas. The initial suit filed in Wharton County was brought by May Aluminum against two defendants, Dina Pak Corporation and R. Drumwright Keys. That suit was to establish a debt on a sworn account, alleging the purchase and delivery of goods, wares, merchandise, equipment, labor and services.

Both defendants filed pleas of privilege in the Wharton County suit to be sued in Dallas County, the county of their residence, whereupon both pleas were overruled, and appeal was taken to the 13th Court of Civil Appeals in Corpus Christi. That court, in Dina Pak Corporation v. May Aluminum, Inc., Tex.Civ.App., 417 S.W.2d 419, no writ hist., said, " * * * Plaintiff in its petition alleged that on the dates set out in itemized statements * * * plaintiff at the special instance and request of defendants sold and delivered to defendants * * * the goods, wares, merchandise, equipment, labor and services shown on said exhibit; that defendants became bound to pay plaintiff in accordance with invoices duly accepted by them the amount of $6,-122.19, which debt is due and unpaid. It further alleged that the cause of action or a part thereof arose in Wharton County * *. Additionally as to defendant Keys, plaintiff alleged that he had personally, both orally and in writing, guaranteed payment to plaintiff of all sums due or to become due it by defendant corporation on this account, and that plaintiff relied on such guaranties in furnishing defendants the above goods and services." The court continued, "In addition to testimony of oral guaranties of payment by defendant Keys of the account sued on, plaintiff placed in evidence two written

contracts of guaranty signed by Keys. The first, executed in 1957, did not say anything as to where the payments should be made. This agreement was superseded by a subsequent contract of guaranty executed by Keys to plaintiff July 22, 1963, which expressly provided that any payments which may become due plaintiff by Keys by virtue of the guaranty shall be paid to plaintiff at Houston, Texas."

The Corpus Christi Court then concluded, "The fact that plaintiff alleged and testified that the merchandise was sold to Keys as well as to Dina Pak on the basis of Keys' promise to pay for them would not constitute Keys a necessary party to the suit in Wharton County. Neither would Keys' written contract guaranteeing payment up to $10,000.00 of Dina Pak's account.

"We hold that defendant Keys was not a necessary party to plaintiff's suit in Wharton County under the definition of that term given by the Supreme Court, supra, and as contemplated by subdivision 29a, Art. 1995, V.A.T.S., and that such defendant was and is entitled to his legal right of having this suit as against him transferred to his home county of Dallas." The Court then affirmed the judgment as to Dina Pak Corporation, reversed and rendered sustaining the plea of privilege of defendant R. Drumwright Keys and ordered the case against him transferred to Dallas County, Texas. No appeal was taken from that determination and the appellate court's mandate was issued.

Thereafter, May Aluminum's suit against Dina Pak Corporation only, was tried in Wharton County and May Aluminum obtained judgment for $6,122.19 plus attorney's fees of $3,061.10, for a total of $9,183.29. The instant suit brought by May Aluminum Company in Harris County is on the $9,-183.29 figure established by the Wharton County judgment. It is against the same R. Drumwright Keys and is based on his 1963 guaranty agreement which was referred to in the Wharton County pleadings and discussed by the Corpus Christi Court of Civil Appeals. The suit that was left

pending against Keys in Wharton County that was ordered transferred to Dallas was not transferred, however, and subsequently, an order was entered by the trial court in Wharton County dismissing it.

By numerous points of error in the instant case, appellant Keys attacks the judgment of the trial court in overruling his Plea of Privilege and Plea in Abatement alleging that the judgment of the Corpus Christi Court of Civil Appeals is conclusive and is res judicata on the issue of venue. We are of the opinion that the appellant's position is correct.

It is not necessary to cite authority for the fundamental rules of venue. " * * * a judgment rendered on a plea of privilege is final and conclusive on the parties as to the issues of venue, in the absence of an appeal therefrom, even though the plaintiff takes a voluntary non-suit after its rendition. Accordingly, a judgment upholding such a plea and ordering transfer of the cause to the county where the defendant resides irrevocably fixes the venue of any other suit on the same subject matter." 34 Tex.Jur.2d 518, Judgments, Sec. 468. Numerous cases are there cited in support of this basic authority.

In Carter v. Calhoun, Tex.Civ.App., 6 S. W.2d 191, no writ hist., the court in a case with a fact situation similar to the case at bar stated, " * * * when a question has been litigated between the parties in a court of competent jurisdiction and judgment rendered thereon and said judgment has become final, it is res adjudicata of that question between the same parties whenever and wherever it is again presented. This is true of the question of venue as well as of any other question involving a substantial right. * * * (the prior judgment) in due course of legal procedure became final, and unalterably fixed the venue of any suit involving any subsequent controversy between the parties relating to the subject-matter of the original suit, in the county where the defendants reside, as stated in their plea of privilege. The question of venue was fully litigated in the original suit, and the judg-

ment thereon is res adjudicata, thus securing to appellants every substantial right claimed by them in their plea of privilege. Old v. Clark (Tex.Civ.App.), 271 S.W. 183; Watson Co. v. Cobb Grain Co. (Tex.Com. App.), 292 S.W. 174."

The closer question here is whether the instant suit is a subsequent controversy between the parties "relating to the subject-matter of the original suit" and we believe it is. The first suit was for a collection on an open account, this suit is for collection on a judgment obtained on that same account. The personal guaranty of Keys is common to both causes of action. A similar, if not the same, question predominates in both cases. While the present suit is a changed form of complaint, similar facts are essential for determination of both cases. The gist of both actions are the same.

In May Aluminum's initial petition filed in Wharton County the personal guaranty of Keys was more than an incidental concern. May Aluminum there alleged, " * * * R. Drumwright Keys * * * in 1963 furnished plaintiff with a financial statement and his personal guaranty that all items due and owing by defendant Dina Pak Corporation, in the past, present and future, would be paid, and payment thereof was personally guaranteed by the individual, personal defendant (Keys) * * * on reliance on such written Guaranty Agreements, as well as verbal personal agreement, the plaintiff did furnish to defendants the foregoing goods, wares, merchandise, equipment, labor and services as more fully detailed in these pleadings * * *." Such guaranty allegations were given significant consideration on appeal by the Corpus Christi Court of Civil Appeals as may be seen in that portion of the Court's opinion previously quoted.

The judgment of the trial court is reversed and judgment is rendered sustaining the plea of privilege of defendant R. Drumwright Keys and transferring the case against him to one of the District Courts of Dallas County, Texas.