See also, Tex.Civ.App., 431 S.W.2d 380.

R. Drumwright KEYS, Appellant,

v.

MAY ALUMINUM, INC., Appellee.

No. 4270.

Court of Civil Appeals of Texas.

Eastland.

Oct. 25, 1968.

Rehearing Denied Nov. 8, 1968.

Allen Melton, Dallas, for appellant.

Pearson Grimes, Houston, for appellee.

COLLINGS, Justice.

This suit was brought in the Dallas County District Court by R. Drumwright Keys seeking to enjoin May Aluminum, Inc., from further prosecuting two law suits, one pending in the 23rd Judicial District Court of Wharton County and the other in the 61st Judicial District Court of Harris County. The defendant filed a plea of privilege, a plea in abatement, and subject to such pleas, an original answer. The plaintiff Keys filed a controverting affidavit to defendant's plea of privilege. A hearing was had on the plea of privilege, the plea in abatement and the application for an injunction. On May 13th, 1968, the court entered an order sustaining the defendant's plea of privilege and transferring the cause to the District Court of Harris County. R. Drumwright Keys has appealed.

May Aluminum, Inc., originally brought suit against Dina Pak Corporation and R. Drumwright Keys in the District Court of Wharton County in Cause No. 17555 on a sworn account alleging the purchase and delivery of goods, wares, merchandise and services on transactions between May and Dina Pak and seeking to recover $6,122.19 and attorney's fees. May alleged that Keys had made guaranties orally and in writing to pay May for shipments made by May to Dina Pak. The domicile and residence of Dina Pak and Keys at all times material was Dallas County. Both defendants filed pleas of privilege. The Wharton County District Court overruled the pleas of privilege of both defendants, and upon an appeal to the 13th Court of Civil Appeals at Corpus Christi, the venue for the suit against Dina Pak was held to be in Wharton County. The appellate court further held that there was no evidence to support an implied finding of venue under Subdivision 5 of Article 1995, Vernon's Ann.Tex.Civ.St. and therefore

venue for Keys was held to be in Dallas County. The appellate court on June 29, 1967, therefore, reversed and rendered as to Keys and ordered the case against him transferred to Dallas County. No appeal was taken from the judgment of that court and mandate was issued. Dina Pak Corporation v. May Aluminum, Inc., 417 S.W. 2d 419. The opinion in that case is referred to for the holding made therein, and as a background for, and better understanding of, the issues here involved. The suit against Keys has never been transferred to Dallas County but was dismissed by the District Court of Wharton County upon motion by May Aluminum. Judgment was rendered on December 15, 1967, against Dina Pak Corporation in cause number 17555 in the Wharton County District Court for $6,122.19 and for attorney's fees in the amount of $3,061.10.

Thereafter May filed two suits against Keys. On December 29, 1967, prior to the date the Wharton County judgment became final against Dina Pak, May filed cause number 18072 in that court against Keys. The alleged basis of this new suit in Wharton County was the December 15, 1967 judgment against Dina Pak Corporation for the collection of the amount of such judgment from Keys as a guarantor under a written agreement which had no provision concerning a place of payment. The Corpus Christi Court of Civil Appeals in ruling on May's plea of privilege had held as the law of the case that the guaranty sued upon therein was superseded by another guaranty. The record showed the existence of an oral guaranty and two written guaranties. The first of the written guaranties did not designate any place for payment. The second suit filed by May on the same date (December 29, 1967) was in the 61st District Court of Harris County, being cause 753339. That suit was based upon the same Wharton County judgment against Dina Pak alleging the liability of Keys on a second written guaranty which shows to be payable in Harris County. Recovery was sought in each of the cases for the exact

same amount. The second written guaranty was considered and identified by the Corpus Christi Court of Civil Appeals in its opinion and decision and it was therein pointed out that Keys' obligation thereunder was to pay in Houston and that there was no provision in either of the guaranty contracts that Keys was obligated to make any payments in Wharton County. Keys asked the Dallas County District Court in the instant case for an injunction to restrain the prosecution of all suits against Keys except the original action which was ordered transferred to a Dallas County Court by the Corpus Christi Court of Civil Appeals. The Dallas County District Court heard evidence on the plea of privilege, plea in abatement and the application for injunction, and entered its order on May 13, 1968 sustaining appellee's plea of privilege, and ordered the cause transferred to the District Court of Harris County.

On June 19, 1968, the 14th Court of Civil Appeals of Houston, Texas, upon an appeal to that court ruled on the issue of venue raised by appellant as defendant in cause 753339 in the Harris County District Court. That court had denied Keys' plea of privilege to be sued in Dallas County and had overruled his plea in abatement. The Houston Court of Civil Appeals (14th District) followed the decision of the Corpus Christi court and reversed and rendered that case and ordered the cause transferred to the District Court of Dallas County, Keys v. May Aluminum, 431 S.W.2d 380. The parties are identical and in our opinion the subject matter is the same in the original action against Keys and in the two other suits filed by May. That suit has not been transferred to Dallas County in compliance with the order of the Houston Court of Civil Appeals.

In appellant's first point it is contended that the court erred in sustaining the plea of privilege of appellee May Aluminum, Inc., and in transferring the cause to the District Court of Harris County. The point is overruled.

Appellant contends that this injunction proceeding brought in Dallas County is properly brought and maintainable there because it is ancillary to the main suit originally brought in Wharton County which the Corpus Christi Court of Civil Appeals ordered transferred to Dallas County, and that such cause has not been disposed of. Appellant contends that although the Wharton County District Court did not transfer the cause to Dallas County, in compliance with the order of the Court of Civil Appeals, that the suit actually is, as a matter of law, by reason of the order of the Court of Civil Appeals, pending in Dallas County and that appellant, therefore, has the right to maintain this injunction proceeding in Dallas County.

We agree with appellant's contention that where a suit has been filed in a court of competent jurisdiction such court has the power and right to exercise and preserve its jurisdiction over such suit and to dispose of the issues and matters involved therein. Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063. We also agree that such a court of competent jurisdiction has the power to restrain a party to such a suit properly pending therein from instituting and maintaining a suit involving the same subject mater filed at a later date in another court. We do not agree, however, that the original Wharton County suit is pending in Dallas County. The Corpus Christi Court of Civil Appeals did order that case transferred to Dallas County, but the Wharton County District Court did not comply with that order. Such suit was therefore never finally lodged in the county of the defendant's residence as it was in Allied Finance Company v. Shaw, 373 S.W.2d 100, (Tex.Civ.App., 1963). The cause is not and was never pending in a District Court in Dallas County. The injunction suit here involved is, therefore, not ancillary to a suit pending in Dallas County but is an independent suit for an injunction. Vernon's Annotated Civil Statutes, Article 4656 and Article 1995, Section 17, are controlling.

"Article 4656:

Writs of injunction granted to stay proceedings in a suit, or execution on a judgment, shall be returnable to and tried in the court where such suit is pending, or such judgment was rendered * * *";

"Article 1995, Sec. 17:

Suits to enjoin the execution of a judgment or to stay proceedings in any suit shall be brought in the county in which such judgment was rendered or in which such suit is pending."

The provisions of these statutes have been held to be mandatory. Sims v. White, 292 S.W.2d 648 (Tex.Civ.App., 1956, no writ history).

For the reasons stated the trial court did not err in transferring the cause to Harris County. Appellant's points are overruled.

The judgment of the trial court is affirmed.