Lewis M. **HELFER**, Appellant,

v.

**TEXAS EMPLOYERS' INSURANCE AS- SOCIATION, Appellee.**

No. 14987.

Court of Civil Appeals of Texas, San Antonio.

May 19, 1971.

Pat Maloney, San Antonio, for appellant.

Groce, Hebdon, Fahey & Smith, San Antonio, for appellee.

**KLINGEMAN, Justice.**

Lewis M. Helfer appeals from an order of the District Court of Bexar County sustaining appellee's, Texas Employers' Insurance Ass'n, plea of privilege to be sued in Dallas County, Texas. Trial was to the court without a jury. No statement of facts has been filed on this appeal, and the only record before this Court is the transcript and a supplemental transcript. The trial court made findings of fact as follows:

1. That the plaintiff formerly filed suit against the defendant in Cause No. F–227,957, Lewis M. Helfer vs Texas Employers' Insurance Ass'n. That that cause of action is the same cause of action that is the basis of this suit.

2. That the defendant in that action filed a plea of privilege and that such plea of privilege was not controverted by the plaintiff.

3. Thereafter, the plaintiff took a nonsuit without having filed a controverting plea.

4. The residence of the defendant was and is Dallas County.

The trial court concluded that venue was fixed in the home county of the defendant, Dallas, when the plaintiff failed to controvert the defendant's plea of privilege in the previous action, F–227,957, and thereafter took a nonsuit. The court further concluded that the cause of action No. F–227,957 and this case are the same.

Appellant's sole point of error is that the trial court erred in sustaining appellee's plea of privilege because the former suit was based upon a different cause of action than the later one, and the doctrine of res judicata is inapplicable.

■ Appellant acknowledges the general rule to be that a judgment of dismissal upon a voluntary nonsuit after the filing of a plea of privilege, even in the absence of a controverting affidavit, has the effect of fixing the venue of a subsequent suit between the parties on the same cause of action in the county where the plea of privilege alleged it rightfully to be. Royal Petroleum Corp. v. McCallum, 134 Tex. 543, 135 S.W.2d 958 (1940); First National Bank in Dallas v. Hannay, District Judge, 123 Tex. 203, 67 S.W.2d 215 (1934); H. H. Watson Co. v. Cobb Grain Co., 292 S.W. 174 (Tex.Com.App.1927); Keys v. May Aluminum, Inc., 431 S.W.2d 380 [Tex.Civ.App.—Houston (14th) 1968, writ dism'd]; Slack v. Allen Military Academy, 289 S.W.2d 783 (Tex.Civ.App. —Waco 1956, writ dism'd).

Appellant asserts, however, that such rule is not applicable here because the cause of action in the first suit and second suit was different and unrelated. There is nothing whatsoever in the record to substantiate such contention. No statement of facts was filed herein, and there is included in the transcript an uncontroverted finding by the court that the cause of action in the two suits is the same.

■ In the absence of a statement of facts, the findings of fact made by the trial court in cases tried without a jury are conclusive on the appellate court, and it must be presumed that the evidence was sufficient and every fact necessary to support the findings and judgment was proved at the trial. Carter v. G & L Tool Company of Utah, Inc., 428 S.W.2d 677 (Tex. Civ.App.—San Antonio 1968, no writ); Mulcahy v. Cohen, 377 S.W.2d 100 (Tex. Civ.App.—Houston 1964, writ ref'd n.r.e.); Phillips v. American Gen. Ins. Co., 376 S. W.2d 808 (Tex.Civ.App.—Amarillo 1964, no writ); Nuse v. Kormeier, 351 S.W.2d 382 (Tex.Civ.App.—Austin 1961, no writ); Foran v. Smith, 228 S.W.2d 251 (Tex.Civ. App.—San Antonio 1950, no writ); Shroff v. Deaton, 220 S.W.2d 489 (Tex.Civ.App. —Texarkana 1949, no writ).

The judgment of the trial court is affirmed.