H. MOLSEN & CO., INC., Appellant,

v.

E. W. SETTLE, Appellee.

No. 18764.

Court of Civil Appeals of Texas, Dallas.

Feb. 12, 1976.

Thomas A. Blakeley, Jr., Grady, Johnson, Smith & Blakeley, Dallas, for appellant.

John Allen Curtis, Curtis & Hudson, Inc., Dallas, for appellee.

AKIN, Justice.

This is a venue case in which plaintiff seeks to sustain venue in Collin County under Tex.Rev.Civ.Stat.Ann. art. 1995(9) and (23) (Vernon 1964) and under decisions holding venue to be res judicata after a nonsuit in a previous case.

E. W. Settle sued H. Molsen & Company, a resident of Dallas County, and B. G. Turner, a resident of Hunt County, in Collin County for a declaratory judgment and for damages. He sought to invalidate two contracts with defendant Molsen for the sale of plaintiff's cotton production on two farms and for the difference in price between the market value and the contract price for cotton already delivered. Plaintiff admits that he signed the first contract dated March 19, 1973, but alleges that it should be set aside on various grounds. He alleges that the second contract, dated May 28, 1973, was invalid because he did not sign it, and, consequently, his signature must be a forgery. Molsen filed its plea of privilege seeking transfer of the cause to Dallas County. Plaintiff controverted Molsen's plea of privilege urging the application of subdivisions 9 and 23, as well as a plea of res judicata on venue. Defendant Turner, a resident of Hunt County and the agent of H. Molsen & Company, did not file a plea of privilege and is not a party to this appeal. The trial court overruled Molsen's plea of privilege. Molsen appeals.

Defendant Molsen's contentions are: (1) Subdivision 9 does not apply because plaintiff failed to prove that a crime (forgery) was committed in Collin County; (2) subdivision 23 does not apply because plaintiff failed to plead and prove a cause of action arising in Collin County against defendant and failed to prove that defendant had an "agency or representative" in Collin County; and (3) decisions that hold venue to be res judicata are inapplicable because plaintiff failed to prove that the prior suit arose out of the same transaction as the present case. We agree with these contentions and, accordingly, reverse and render.

### 1. *Subdivision 9*

Subdivision 9 provides that "[a] suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense, or trespass was committed by the defendant, or by his agent or representative . . . ." Plaintiff alleged in his controverting affidavit that his signature on the contract was forged by defendant Molsen's agent Turner, and that the offense occurred in Collin County, Texas. At the venue hearing, however, all that was proved was that plaintiff did not sign this contract and that he did not know who signed it. We conclude, therefore, that plaintiff failed to establish that the crime of forgery was committed in Collin County, and, consequently, he cannot maintain venue under subdivision 9. To come within subdivision 9, a plaintiff must plead and prove a crime committed by the defendant in the county in which the plaintiff asserts venue. *E. g., Wiederkehr v. Coker,* 304 S.W.2d 185 (Tex.Civ.App.—Eastland 1957, no writ).

### 2. *Subdivision 23*

Subdivision 23 provides that suits "against a private corporation . . .

may be brought in the county in which its principal office is situated; or in the county in which the cause of action or part thereof arose; or in the county in which the plaintiff resided at the time the cause of action or part thereof arose, *provided such corporation . . . has an agency or representative in such county . . . .*" [Emphasis added.] In order to come within subdivision 23 so as to defeat a plea of privilege, plaintiff must have both pleaded and proved a cause of action arising in Collin County, Texas. *Employers Casualty Co. v. Clark,* 491 S.W.2d 661, 662 (Tex.1973). Plaintiff alleged that the first contract of March 19, 1973, was unenforceable because it was vague and indefinite, it was unconscionable, there was a failure of consideration, there was a disparity of information about the cotton market between the parties, and defendant Molsen had inside information of federal laws in the operation of the United States Department of Agriculture. At the plea of privilege hearing, however, plaintiff offered no proof of these allegations. The contracts themselves were not tendered in evidence. Moreover, plaintiff failed to prove that defendant Molsen had an "agency or representative" in Collin County. Instead, plaintiff proved that defendant Turner, agent for defendant Molsen, resided in Hunt County. Since plaintiff failed to prove a cause of action against defendant Molsen in Collin County, and, since plaintiff failed to prove that an agent or representative of defendant Molsen resided in Collin County, we conclude that subdivision 23 does not apply.

### 3. Res Judicata

Plaintiff also argues that since defendant Molsen had nonsuited a case filed by it in Dallas County against plaintiff Settle after Settle had filed his plea of privilege to be sued in Collin County, the issue of venue is res judicata. Consequently, he argues that the trial court correctly overruled defendant Molsen's plea of privilege. In support of this contention, plaintiff cites *Gonzalez v. Burns,* 406 S.W.2d 527 (Tex.Civ.App.—San Antonio 1966, no writ), which states "that where a plaintiff takes a non-suit while defendant's plea of privilege is pending, the venue in a subsequent action between the same parties on the same claim is thereby fixed in the county of defendant's domicile, when the question of venue is raised." In support of this statement, see also *Royal Petroleum Corp. v. McCallum,* 134 Tex. 543, 561, 135 S.W.2d 958, 967 (1940); *Helfer v. Texas Employers' Insurance Ass'n,* 467 S.W.2d 687, 688 (Tex.Civ. App.—San Antonio 1971, no writ). Although we agree with this rule, it does not apply because all that plaintiff proved was that he was sued by defendant Molsen in Dallas County. In order for plaintiff to maintain venue in Collin County under the theory of res judicata it was incumbent upon plaintiff to both plead and prove that the lawsuit in Dallas County involved the identical subject matter and the same issues as the present suit and that he had filed a plea of privilege to be sued in Collin County prior to the time that Molsen nonsuited. *See Keys v. May Aluminum, Inc.,* 431 S.W.2d 380, 382 (Tex.Civ.App.—Houston [14th Dist.] 1968, writ dism'd); *see also* R. McDonald, Texas Civil Practice § 4.62 (1965). Since plaintiff offered no such proof, we conclude that plaintiff's argument is without merit.

Since we have concluded that the court erred in overruling defendant Molsen's plea of privilege, the order overruling the plea is reversed and judgment is rendered sustaining defendant Molsen's plea of privilege and transferring this cause as to defendant Molsen to a district court of Dallas County.