Warren PINNEY, Jr., Appellant,

v.

Keith E. COOK, Appellee.

No. 911.

Court of Civil Appeals of Texas, Tyler.

Feb. 26, 1976.

Robert M. Roller, Coke & Coke, Dallas, House, Mercer, House, Brock & Wilson, San Antonio, for appellant.

J. G. Adami, Perkins, Davis, Oden & Warburton, Alice, for appellee.

MOORE, Justice.

This is an appeal from an order overruling the defendant's plea of privilege.

Plaintiff, Keith E. Cook, instituted suit in the District Court of Duval County, Texas, alleging that the defendant's servants, agents and employees negligently caused a truck to collide with a herd of cattle owned by the plaintiff, resulting in the death of one cow and injury of another. Plaintiff further alleged that because of this inci-

dent, he became fearful defendant's employees would again injure his cattle and therefore moved his cattle out of the pasture, thereby sustaining damages by reason of the loss of the use of the pasture. Defendant, Warren Pinney, Jr., filed his plea of privilege to be sued in Dallas County, the county of his residence. Plaintiff duly filed a controverting plea alleging that the agents, servants and employees of Pinney were guilty of negligence and that such negligence occurred in Duval County. Plaintiff alleged in his controverting plea that venue was properly laid in Duval County by reason of Subdivision 9a, Article 1995, Tex.Rev.Civ.Stat.Ann., which provides that in a suit based upon negligence, suit may be brought in the county where the negligence occurred. After a trial before the court, sitting without a jury, the trial court overruled the plea of privilege and defendant, Warren Pinney, Jr., perfected this appeal.

By his first point of error defendant urges that the trial court erred in overruling his plea of privilege in that there was no evidence that an act or omission of negligence was committed in Duval County, Texas, proximately causing injury to the plaintiff. As we view the record, appellant's contention must be sustained.

The evidence consists solely of the testimony of the plaintiff. He testified that the defendant, Pinney, maintained certain oil and gas production facilities on his pasture consisting of an oil line and several oil storage tanks; that some time prior to the incident in question, he and Pinney agreed that if Pinney would move his oil tanks, plaintiff would allow him to connect his oil pipeline with that of the plaintiff; that on July 29, 1974, he drove to his pasture and observed what appeared to be the top of a pickup truck situated in his pasture approximately 1,000 yards away with a large number of cattle gathered around it; that he thought he heard some type of an explosion and then observed the cattle scatter away from the vehicle. He testified that the vehicle left and came back up the road in the direction in which he was traveling; that he stopped and talked with the men in the truck and they told him that they had just finished tieing in the oil line for Pinney. He testified that he later found that several of his cattle had been injured on their legs at a point about bumper high and that one of the cows ultimately died as a result of the injury. He testified that on the day following the incident he became fearful that the employees of Pinney, when they returned to remove their oil tanks, would cause further injury to his cattle and as a result he moved his cattle to another pasture and thereby lost the use of the pasture from August, 1974, to February, 1975. He further testified that he was compelled to overgraze the remainder of his pasture land causing damages to the grass.

Plaintiff alleged in his petition that the defendant's agents and employees were guilty of negligence proximately causing injury to his cattle in that (1) the driver of the truck operated the truck at an excessive rate of speed, (2) failed to make proper application of his brakes, (3) failed to have the vehicle under proper control, (4) failed to sound his horn, (5) failed to yield the right of way, and (6) failed to keep a proper lookout. In his controverting plea, plaintiff specifically alleged as follows: "The allegations of Plaintiff's Petition show and aver and it is a fact, that the Defendant, his agents, servants or employees were negligent, within the meaning of Exception 9a to Article 1995 . . ., and that such negligence occurred in Duval County, Texas, such negligence being the proximate cause of Plaintiff's damages to livestock and pasture grasses situated in Duval County, Texas."

Under the provisions of Subdivision 9a of Article 1995, the venue facts necessary for the plaintiff to establish by a preponderance of the evidence in order to sustain venue in the county other than the county of defendant's residence are: (1) that an act or omission of negligence occurred in the county where the suit was

filed, (2) that such act or omission was that of the defendant in person or that of his servant, agents or representatives, acting within the scope of his employment, and (3) that such negligence was a proximate cause of the plaintiff's injuries. *Reynolds & Huff v. White*, 378 S.W.2d 923 (Tex.Civ.App.—Tyler 1964, n. w. h.); *Calhoun v. Padgett*, 409 S.W.2d 890 (Tex.Civ.App.—Tyler 1966, n. w. h.). In *Compton v. Elliott*, 126 Tex. 232, 88 S.W.2d 91 (1935), the Supreme Court of this State laid down the rule that the plaintiff must plead and prove the venue facts required by the applicable subdivision of Article 1995, supra, and further he must plead and prove such facts just as any other litigant, who, in a hearing or trial, had the burden of proving a fact.

As we view the record, the plaintiff wholly failed to prove by a preponderance of the evidence that the defendant committed any act of negligence in Duval County which was a proximate cause of the damage or injury complained of by the plaintiff. Nowhere in plaintiff's testimony did he testify that he actually saw the truck strike the cattle. According to his testimony, he heard what he thought was an explosion and saw the cattle scatter. As we understand his testimony, the truck did not move forward until after the cattle had scattered. He admits that he was 1,000 yards away at the time of the incident and could only see the top of the truck. There is nothing in the plaintiff's testimony, insofar as we have been able to find, that would constitute direct evidence tending to establish any of the various acts of negligence alleged in his petition. Moreover, there is nothing in his testimony tending to establish whether the injury to the cattle was caused by the truck or was caused by the explosion. Venue may not be established by implication. The occurrence of an accident is not evidence of negligence. *Calhoun v. Padgett, supra; Reynolds & Huff v. White, supra.* At most, plaintiff's testimony shows only the occurrence of an incident.

We are not in accord with plaintiff's contention that the judgment may be sustained on the basis of circumstantial evidence. Where circumstantial evidence is relied upon, the evidence must be such as to make the truth of the fact proposition inferred more likely than not, because if an inference consistent with the existence of a fact in issue is but equally as valid as an inference of its nonexistence, then the evidence is insufficient to raise an issue of fact. There must be evidence to support the conclusion that the inference of the particular fact is the more reasonable. *Texas Pac. Fidelity & Surety Company v. Hall*, 101 S.W.2d 1050 (Tex.Civ.App.—Eastland 1937, writ dism'd); *Bowles v. Bourdon*, 148 Tex. 1, 219 S.W.2d 779 (1949); *Webb v. Karsten*, 308 S.W.2d 114 (Tex.Civ.App.—Houston 1957, no writ); 3 McDonald Texas Civil Practice, sec. 11.28.3, 1970, rev. ed. As we view the record, none of the various acts of negligence alleged by the plaintiff can be inferred from the meager facts found in the plaintiff's testimony.

Plaintiff further argues that venue is properly laid in Duval County on the theory that he established a cause of action for damages for the loss of the use of his pasture and damages resulting from the overgrazing of other pastures. In this connection, he argues that because of the negligence of defendant's agents and employees in causing injuries to his cattle, he was compelled to move his cattle out of the pasture into another pasture in order to prevent further injury. While his theory of recovery in this respect is unclear, he seems to argue that such negligence was a proximate cause of the loss and use of the pasture and the overgrazing of other pastures. The contention is without merit and must therefore be overruled.

As heretofore pointed out, plaintiff failed to establish negligence on the part of defendant's agents or employees. In the absence of any evidence showing negligence on the part of the defendant, which, as we understand it was the basis for his cause of action in this regard, no

cause of action could arise in favor of the plaintiff for damages in this respect. Moreover, it occurs to us even if plaintiff had established negligence, such negligence could not have been a proximate cause of the loss of the use of his pasture or damages to other pasture land. In order to establish that the breach of duty was a proximate cause of the injury, it is well settled that such a result or some similar one should have been reasonably foreseeable. Certainly, under the facts here, a person of ordinary prudence, situated as the defendant, could not have reasonably foreseen that because of the injury to the cattle on one occasion, plaintiff would become so apprehensive about the welfare of his cattle that he would take them out of the pasture and overgraze his other pastures.

In view of the conclusions that plaintiff failed to establish a cause of action for negligence, we do not reach the remaining points brought forward by the defendant.

Accordingly, the judgment of the trial court is reversed and it is ordered that the cause be transferred to the District Court of Dallas County, Texas.