Warren PINNEY, Jr. and Charles M. Dodd, III, Appellants,

v.

Keith E. COOK, Appellee.

No. 1208.

Court of Civil Appeals of Texas, Corpus Christi.

Sept. 22, 1977.

Rehearing Denied Nov. 23, 1977.

Robert M. Roller, Dallas, for appellants.

J. G. Adami, Jr., Alice, for appellee.

## OPINION ON MOTION FOR REHEARING

NYE, Chief Justice.

Our original opinion is withdrawn and this opinion is substituted therefor.

This is a venue case. Appellee Cook brought suit in Nueces County against Warren Pinney, Jr. and Charles M. Dodd, III for breach of certain alleged agreements between the parties concerning the operation of an oil and gas lease on some land owned by Cook in Duval County. Defendant Pinney filed a plea of privilege to be sued in Dallas County. Cook filed a controverting plea. After hearing, the trial court denied Pinney's plea of privilege. Pinney has perfected his appeal to this Court.

Pinney and Dodd are the co-owners of an oil and gas lease on some 320 acres owned by Cook in Duval County. Pinney and Dodd acquired this lease in 1973. Apparently the parties had some initial agreement whereby the oil that was produced from the lease was to be stored in storage tanks located on the property. In 1974 an oil spill occurred on the property due to a leak in one of the storage tanks. Thereafter the parties entered into a new agreement wherein Pinney and Dodd were to connect the well to an oil flow line owned by Cook and remove the storage tanks from the property. Pinney and Dodd also agreed with Cook to pay Cook a certain amount of rental for either each barrel of oil produced and sent through the pipeline, or for each barrel of fluid produced and sent through the pipeline. At the time of the hearing, the storage tanks remained on the property.

The cause of action that is now before this Court is the second suit brought by Cook against Pinney. In 1974 Cook sued Pinney in Duval County for damage to his cattle and other matters. Pinney filed a

plea of privilege which was overruled by the trial court. Pinney appealed and the Tyler Court of Civil Appeals reversed the trial court's judgment, and ordered the case transferred to Dallas County. *Pinney v. Cook*, 534 S.W.2d 415 (Tex.Civ.App.—Tyler 1976, no writ). Thereafter, in May of 1976, Cook took a non-suit and the first case was dismissed without prejudice.

In July of 1976 Cook brought this present suit against Pinney and Dodd in Nueces County for improper rental payments; for an accounting on the pipeline rental; and for failure to remove the storage tanks. Dodd filed a general denial. Pinney again filed a plea of privilege to be sued in Dallas County and a general denial. Cook then filed a controverting plea wherein he alleged venue in Nueces County under subsections 4 and 29a of Article 1995, Tex.Rev.Civ.Stat.Ann. (1964). Pinney's plea was subsequently overruled by the trial judge. No findings of fact or conclusions of law were requested or made by the trial judge.

Pinney in his appeal and motion for rehearing presents three main points of error to this Court. The first point is whether or not Cook is estopped by the principle of res judicata to establish venue outside of Dallas County.

Pinney contends Cook has simply reinitiated the same lawsuit in Nueces County that he filed in Duval County in 1974. Pinney says that since both cases involve the same issues, Cook is estopped by principles of res judicata from asserting venue in Nueces County. A review of the separate pleadings is necessary to determine if the two suits are identical. In the first suit Cook actually sought two separate recoveries against Pinney alone: a) damages to his cattle due to the negligence of Pinney's agents; and b) damages for failure of Pinney to remove the storage tanks which allegedly forced him to overgraze the remainder of his pasture. In the second suit Cook sought recovery from Pinney and Dodd: a) for the amount of rental due on the pipeline; and b) for the failure to remove the storage tanks which allegedly caused overgrazing. The storage tank claims remained

the same even though in the second suit Cook abandoned his negligence claim, included an additional claim for recovery of the pipeline rental payments, and added Dodd as an additional defendant as to each claim asserted against Pinney. The question therefore for us to decide, is, to what extent is venue in the second suit controlled by the previous adjudication of venue by the Tyler Court of Civil Appeals?

As a general rule, a final judgment rendered on a plea of privilege is conclusive on the parties as to the issue of venue and such judgment irrevocably fixes venue of any suit involving the same subject matter. *Hagemeister v. Vanity Fair Properties*, 503 S.W.2d 879 (Tex.Civ.App.—Tyler 1973, writ dism'd); see *H. H. Watson Co. v. Cobb Grain Co.*, 292 S.W. 174 (Tex. Comm'n App.1927, judgmt. adopted); *Keys v. May Aluminum, Inc.*, 431 S.W.2d 380 (Tex.Civ.App.—Houston [14th Dist.] 1968, writ dism'd); *Southwestern Investment Company v. Gibson*, 372 S.W.2d 754 (Tex. Civ.App.—Fort Worth 1963, no writ). In order for the principles of res judicata to apply the subsequent suit must involve the same subject matter and the same parties as the initial suit. *Royal Petroleum Corporation v. McCallum*, 134 Tex. 543, 135 S.W.2d 958 (1940); *Tempelmeyer v. Blackburn*, 141 Tex. 600, 175 S.W.2d 222 (1943); *Marange v. Marshall*, 402 S.W.2d 236 (Tex. Civ.App.—Corpus Christi 1966, ref. n. r. e.); *Gathright v. Riggs*, 344 S.W.2d 757 (Tex. Civ.App.—Waco 1961, no writ).

The Tyler Court of Civil Appeals overruled the trial court's determination that Cook's 1974 suit was properly brought in Duval County under subsection 9 of Article 1995, Tex.Rev.Civ.Stat.Ann. (1964) and ordered the suit transferred to Dallas County. This decision irrevocably fixed venue in Dallas County as to both claims against Pinney in the first suit. The principle of res judicata dictates that any subsequent suit brought by Cook against Pinney based on either claim should also be heard in Dallas County. 1 McDonald, Texas Civil Practice, § 4.62, at 628–29 (1965); *Tempelmeyer v. Blackburn*, 141 Tex. 600, 175

S.W.2d 222, 224 (1943); *Keys v. May Alumi-num,* supra, *Roach v. Trinity Universal Ins. Co.,* 119 S.W.2d 127, 128 (Tex.Civ.App.— Texarkana 1938, no writ). Venue is fixed in Dallas County as to Cook's storage tank claim against Pinney even though Cook added defendant Dodd to this suit. The mere presence of Dodd does not prevent the former judgment from binding both Cook and Pinney who were parties to that judgment and to this suit in which Pinney asserted the plea of res judicata. *Southwestern Investment Co. v. Gibson,* 372 S.W.2d 754, 756 (Tex.Civ.App.—Fort Worth 1963, no writ). The trial court should have sustained Pinney's plea of res judicata on the storage tank claim, and ordered it transferred to Dallas County.

 The transfer of this claim against Pinney to Dallas County does not necessarily require transfer of the same claim against Dodd to Dallas County. Such a transfer would be necessary only if Cook alleged a joint action growing out of joint liability of both defendants. This is a contract action for damages which appears to involve joint and several liability of the defendants. Cook can obtain complete relief in a suit against either Pinney or Dodd even though joinder might otherwise be desirable. 1 McDonald, Texas Civil Practice, § 4.57, pp. 619–20 (1965); 44 Tex. Jur.2d, Parties § 17 (1963); *International Harvester Co. v. Stedman,* 159 Tex. 593, 324 S.W.2d 543, 546 (1959); *Johnson v. First Nat. Bank of Brenham,* 42 S.W.2d 870, 871–72 (Tex.Civ.App.—Waco 1931, no writ). Furthermore, Dodd was not a party to the original suit between Cook and Pinney and is not bound by the principle of res judicata on the issue of venue. *Sports Specialties, Inc. v. James Talcott Western, Inc.,* 389 S.W.2d 357, 360 (Tex.Civ.App.—Waco 1965, no writ).

 While the addition of Cook's claim for improper rental payments in the second suit does not affect Pinney's previously adjudicated right to have venue in Dallas County as to the storage tank claim, res judicata does not control venue of Cook's rental payment claim against Pinney be-cause the subject matter in dispute in the subsequent suit differs from the prior action. 1 McDonald, Texas Civil Practice § 4.62, p. 628 n. 68 (1965); *H. Molsen & Co., Inc. v. E. W. Settle,* 534 S.W.2d 376, 378 (Tex.Civ.App.—Dallas 1976, no writ); *Keys v. May Aluminum, Inc.,* 431 S.W.2d 380 (Tex.Civ.App.—Houston [14th Dist.] 1968, writ dism'd); *Gathright v. Riggs,* 344 S.W.2d 757 (Tex.Civ.App.—Waco 1961, no writ).

The resolution of each separate claim will involve facts and issues that are not similar. Each claim alleges a separate breach which could be adjudicated in separate lawsuits. Cf. *Benson v. Wanda Petroleum Company,* 468 S.W.2d 361 (Tex.Sup.1971); *Martinez v. Angerstein,* 517 S.W.2d 811 (Tex.Civ.App.— Corpus Christi 1974, writ dism'd); *Keys v. May Aluminum,* 431 S.W.2d 380 (Tex.Civ. App.—Houston [14th Dist.] 1968, writ dism'd).

Although both claims could properly be joined in a single suit, a single suit cannot be maintained in Nueces County without the consent of Pinney. The scope of the trial court's venue hearing should have been limited to whether venue could be maintained in Nueces County on Cook's second claim against Pinney and Dodd. We therefore sustain Pinney's first point of error as it relates to Cook's cause of action for Pinney's alleged failure to remove the storage tanks.

 Appellant Pinney's points 2 through 10 complain that the trial court erred in sustaining venue under subdivision 4 of Article 1995. Subdivision 4 to Article 1995 provides that if two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides. Under Subdivision 4, where there are resident and non-resident defendants, it has long been the rule that in order to maintain venue in the county of the resident defendant, the plaintiff is required to: (1) plead and prove that one of the defendants is a resident of the county of suit; (2) plead and prove a cause of action against the resident defendant; and (3) allege a joint cause of action against the

non-resident defendant or a cause of action against the resident defendant which is so intimately connected with his cause of action against the non-resident defendant that both defendants are properly joinable to prevent a multiplicity of suits. Proof of this connection between the resident and non-resident defendant is supplied by the allegations in the plaintiffs' petition. *Stockyards Nat. Bank v. Maples*, 127 Tex. 633, 95 S.W.2d 1300 (Tex.Comm'n App.1936, opinion adopted); *Heldt Bros. Trucks v. Silva*, 464 S.W.2d 931 (Tex.Civ.App.—Corpus Christi 1971, no writ); *Western Steel Company v. Hayek*, 452 S.W.2d 732 (Tex. Civ.App.—Corpus Christi 1970, no writ); *Pittsburg Plate Glass Company v. Bragg*, 383 S.W.2d 623 (Tex.Civ.App.—Dallas 1964, writ dism'd).

Based on these elements we examine the pleadings and the evidence presented at the hearing. Scott Cook, a witness for Appellee Cook, testified that he personally knew that Dodd was a resident of Nueces County and had seen his home two years prior to the hearing. Dodd himself testified that he was a resident of Nueces County. In *Socony Mobil Company, Inc. v. Southwestern Bell Telephone Co.*, 518 S.W.2d 257 (Tex.Civ.App.—Corpus Christi 1974, no writ) we stated that under subdivision 4 it is the residence of the defendant at the time suit is filed which controls the venue issue. Although no one testified directly that Dodd was a resident of Nueces County in July of 1976, there is no evidence he was not a resident of Nueces County at that time. Therefore it was proper for the trial court to impliedly find from the existing circumstantial evidence that Dodd was a resident of Nueces County at the time the suit was filed.

The next question is whether or not a cause of action based on improper rental payments was proved against Dodd. Cook testified that there was an agreement between Pinney, Dodd and himself that required Pinney and Dodd to pay him for the transportation of fluids through the pipeline. He then testified that he was not being paid the proper amount for the rental under the agreement because he was being paid for only the amount of oil transported through the pipeline. Cook stated he visited the property every other day and personally observed that salt water as well as oil (which flowed through the pipeline) was hauled away in transport trucks. Based on his observations, Cook stated that the ratio of brine to oil transported was three to one. This evidence coupled with Cook's testimony that the agreement called for him to be paid $.25 per barrel of fluid or $50 per month whichever is greater, as rental which Pinney and Dodd failed to do, established the amount of his damages. This evidence was sufficient to establish a cause of action against Dodd.

Dodd's connection with Pinney is clearly established in Cook's petition. The petition alleges that Pinney and Dodd are co-owners of the lease and jointly executed the agreement in question. Clearly Cook has alleged a cause of action against Dodd which is so intimately connected with his cause of action against Pinney that joinder would be proper under subdivision 4 of Article 1995. Although there were conflicts in the evidence, the trial court was at liberty to resolve the conflicts and inconsistencies in favor of Cook. *Biggers v. Continental Bus System*, 157 Tex. 351, 303 S.W.2d 359 (1957). The trial court was correct in sustaining venue in Nueces County under subdivision 4 of Article 1995. Appellant Pinney's points of error 2 through 10 are overruled.

Pinney's final points are that venue was not sustainable under subdivision 29a of Article 1995. Subdivision 29a authorizes a plaintiff who sues two or more defendants to maintain venue against all the defendants in a county where venue is proper as to one of the defendants under some other subdivision of Article 1995. Since we have already determined that Dodd was a resident of Nueces County, this subdivision has no application to this suit. Subdivision 29a applies only when none of the defendants resides in the county of suit. *Amoco Production Company v. Mayer*, 540 S.W.2d 353 (Tex.Civ.App.—Beaumont 1976, writ dism'd); *Bee County Cooperative Associa-*

tion v. Dominy, 489 S.W.2d 418 (Tex.Civ. App.—Corpus Christi 1972, no writ); *McCollum v. Merchants Factors Corp. of Texas*, 358 S.W.2d 183 (Tex.Civ.App.—Dallas 1962, no writ). See 1 McDonald § 4.36, p. 544 (1965).

In the trial court's order overruling Pinney's plea of privilege, the court did not recite which venue exception it held applicable in overruling the plea. Nor did the trial court make any findings of fact or conclusions of law. Where the trial court does not make findings, it is this Court's duty to affirm the order of the trial court if it can be sustained on any reasonable theory suggested by the evidence and authorized by law. *James v. Drye*, 159 Tex. 321, 320 S.W.2d 319 (1959); *Mobile County Mutual Insurance Co. v. Jacobs*, 531 S.W.2d 436 (Tex.Civ.App.—Corpus Christi 1975, no writ); *Connor v. City of University Park*, 142 S.W.2d 706 (Tex.Civ.App.—Dallas 1940, writ ref'd). Therefore we must assume the trial court overruled Pinney's plea of privilege under subdivision 4 of Article 1995 and not subdivision 29a.

The judgment of the trial court as it relates to Cook's claim against Pinney for failure to remove the storage tanks is reversed and judgment is here rendered that this cause of action is severed and ordered transferred to Dallas County. In all other respects the judgment of the trial court is affirmed. The costs are prorated 50–50 to the appellants and appellee.

Reversed and rendered in part and affirmed in part.